UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) | MISC. NO. 1:19-mc- <br><br> **Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google, an Internet Service Provider located in Mountain View, CA, to disclose certain records and other information pertaining to the email account(s): christopher.cantwell@gmail.com. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Google is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google to disclose the items described in Attachment A.

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating Hate Crimes Acts. The investigation concerns possible violations of, inter alia, 18 USC § 241.

5. Christopher Cantwell is an outspoken member of the Alt-Right / White Supremacist Extremist movement. As such he is under investigation for potential violations related to Hate Crimes Acts, Civil Rights Conspiracy, Solicitation of Violence, and Interstate Travel to Aid Racketeering. Cantwell was a featured speaker during the 2017 Unite the Right rally in Charlottesville, VA. Ensuing violence during the event resulted in the death of one person and dozens more were injured. Cantwell has adamantly supported James Alex Fields Jr on numerous occasions, claiming his vehicular attack on counter-protesters was justified, and that Fields was wrongly convicted for the resulting death of Heather Heyer. He has also been outspoken in his support for other radically motivated violent extremists including Dylan Roof, Robert Bowers, and members of the Rise Above Movement (RAM), who have been convicted of violent crimes related to such activity.

6. Cantwell runs multiple websites centered around his radical views and white supremacist agenda. On one of his websites, Cantwell also promotes an ethnic cleansing video game focused on murdering journalists, minorities, and Jews. Cantwell recently conducted a cross country road trip and

has claimed publicly to be spending a lot of time just outside the nation's capital, all in order to connect and organize in person with like-minded individuals. Requested information, including, but not limited to IP logs and account activity, could aid in determining specific locations during these timeframes and provide valuable insight to potentially aid in identification of co-conspirators and disruption of related criminal endeavors.

## REQUEST FOR ORDER

7.	The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google be directed to produce all items described in Attachment A to the proposed Order.

8.	The United States further requests that the Order require Google not to notify any person, including the subscribers or customers of the account(s) listed in Attachment A, of the existence of the Order until one year from the date of the Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or

tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

9. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                Respectfully submitted,

                Scott W. Murray
                UNITED STATES ATTORNEY

Dated: August 12, 2019    /s/ John S. Davis
                John S. Davis
                Assistant United States Attorney
                State Bar # 592
                53 Pleasant Street, 4th floor
                Concord, NH  03301